TACHA, Chief Circuit Judge,
dissenting in part.
I join the court’s opinion as to Parts I, II, IV, and V. I respectfully dissent as to Part III.
The Union argues that the grievances in Categories 1 and 2 originate under Article 36, which states:
[Paragraph 1] The Company agrees that it will not bring contractors into the plant to perform production or maintenance work if it will result in the lay-off of regular, full-time employees.
[Paragraph 2] In addition, maintenance craft work will not be contracted as long as there are employees holding numbers in the crafts in which work is contracted working as laborers.
1 agree with the majority that Paragraph 1 is not implicated on the facts df this case because, contrary to the Union’s contention, none of the employees involved in the grievances at issue was laid off. In the Refinery Agreement, the term “lay-off’ refers to a separation from service. Because the Union did not even contend that any of the employees at issue were separated from service, the district court properly held that those grievances did not arise under Paragraph 1. Accordingly,.the Category 1 and 2 grievances are not arbitrable as a matter of law.
Contrary to the majority’s holding, however, Paragraph 2 does not apply either. First, it is not clear to me why an ostensible difference of interpretation as to the literal, unglossed meaning of Paragraph 2 is sufficient to force the parties to arbitration, while an ostensible difference of interpretation as to the meaning of “lay-off in Paragraph 1 is not. The majority relies on the plain meaning of Article 36 (Paragraph 1), Article 8, and Article 34 to hold as a matter of law that none of the grievances arises under Paragraph 1; so, presumably the distinction lies in the degree of certainty with which we may establish that the plain language of each provision does or does not support a grievance. But the plain meaning of Paragraph 2 is just as clear, to me, as that of Paragraph 1; indeed, we need not look beyond Paragraph 2 itself to hold as a matter of law that none of the grievances before us arises under it.
Paragraph 2 applies only to “employees holding numbers in the crafts in which work is contracted” who are “working as laborers.” In other words, unless (1) an employee holding a number in a particular craft is (2) working as a laborer elsewhere in the refinery when (3) contractors are hired to do work in that craft, Paragraph 2 is not implicated and, as a matter of law, no grievance arises thereunder. Because *187 the Union has failed to point to a single employee who was (1) holding a number while (2) working as a laborer when (3) Conoco hired contractors in the relevant craft, Paragraph 2 is not implicated on the facts of this case.
By declining to give any effect to the words “working as laborers” the district court and the majority impermissibly broaden Paragraph 2 beyond its plain meaning. The district court stated that
Conoco’s reading of [Paragraph 2] in effect allows the company to transfer Union-represented employees to the position of laborer, and immediately replace them with contract workers because, from the moment of transfer and thereafter, there was no Union-represented employees with a number in the craft. Under this interpretation, the limitation imposed by [Paragraph 2] is rendered meaningless.
Oil, Chem. & Atomic Workers Int'l Union v. Conoco, Inc., No. 97-CV-682-H, slip op. at 6-7 (N.D.Okla. Nov. 19, 2001) (emphasis added). It is not, however, Conoco’s “reading” of the provision that allows it to do so; it is the plain language of the contract. I can discern no interpretive gloss whatsoever in Conoco’s supposed “interpretation.” Conoco merely reiterates the plain language of the contract, which requires that employees holding numbers in a craft be working as laborers when Conoco contracts work in that craft.
Nor is it accurate to say that the provision is entirely meaningless. It is almost meaningless. In situations where a represented employee holding a number in a craft is working elsewhere in the refinery as a laborer, and work in that craft is available, Paragraph 2 of Article 36 prohibits Conoco from hiring contractors to do it. But that is the only restriction Paragraph 2 imposes. I believe, therefore, that the district court erred in stating that “since an interpretation of Article 36 is necessary to resolve this dispute, under the express provisions of Article 31 of the Refinery Agreement the issue is for an arbitrator to decide.” Id. at 7. The only question presented is whether the grievance arises under the plain language of Article 36. Because it clearly does not, there is no reason to remove the issue from the ambit of Article 12. Indeed, if all that is necessary for the Union to force Conoco to arbitration is the bare allegation that a grievance arises outside of Article 12—i.e., that it requires an “interpretation” of some other Article—there would never be any call for us to examine the contractual language, and every grievance would be de facto arbitrable. Whatever we may think of Paragraph 2, we simply cannot rewrite the CBA to suit ourselves.
By repeating the Union’s claim that Conoco’s interpretation will permit Conoco to destroy the Union by attrition, the majority appears to have made the same error as the district court. Maj. op. at 9. The Union’s ostensibly more reasonable interpretation of Paragraph 2 (“so long as there are employees holding numbers in a particular craft, no contractor will work in that craft”) omits any consideration whatsoever of the final three words of Paragraph 2 (“working as laborers”). These words impose a significant and unambiguous limitation on the scope of Paragraph 2, one that removes the grievances at issue from its ambit. They require no interpretation, and removing them from consideration drastically alters the plain meaning of Paragraph 2. For this reason, I disagree with the majority’s statement that “competing interpretations of the second limitation in Article 36” render the relevant grievances arbitrable.
The record amply demonstrates that, from the outset, the substance of the Union’s grievances under Paragraph 2 has *188 been that Article 36 prohibits Conoco from hiring contractors to work “side by side” with Union members. However one-sided the provision as agreed to by the parties may be, such an interpretation is impossible without pruning the final three words from Paragraph 2. This we may not do.
For these reasons, I respectfully dissent.